# EXHIBIT B

In re BP Lubricants USA Inc., --- F.3d ---- (2011)

2011 WL 873147
Only the Westlaw citation is currently available.
United States Court of Appeals,
Federal Circuit.

In re BP LUBRICANTS USA INC., Petitioner.

Misc. No. 960.March 15, 2011.

On Petition for Writ of Mandamus to the United States District Court for the Northern District of Illinois in case no. 10-CV-1258, Robert W. Gettleman, Judge.

**Attorneys and Law Firms**

Russell E. Levine, Kirkland & Ellis LLP, of Chicago, IL, for petitioner.

Joseph M. Vanek, Vanek Vickers & Masini, P.C. of Chicago, IL, for respondent Thomas A. Simonian. With him on the response was John P. Bjork. Of counsel on the response were Bruce S. Sperling and Robert D. Cheifetz, Sperling & Slater, P.C., of Chicago, IL.
Herbert C. Wamsley, Intellectual Property Owners Association, of Washington, DC, for amicus curiae Intellectual Property Owners Association. On the brief were Douglas K. Norman, Eli Lilly & Company, of Indianapolis, IN, and Kevin H. Rhodes, 3M Innovative Properties Company, of St. Paul, MN.
Steven Frank, Attorney, Appellate Staff, Civil Division, United States Department of Justice, of Washington, DC, for amicus curiae United States. On the brief was Tony West, Assistant Attorney General.

Before LOURIE, GAJARSA, and LINN, Circuit Judges.

**Opinion**

**ON PETITION**

LINN, Circuit Judge.

**ORDER**

***1** This is a petition for a writ of mandamus directing the United States District Court for the Northern District of Illinois to grant a motion to dismiss a complaint pursuant to the False Marking Statute, 35 U.S.C. § 292. Specifically, the defendant BP Lubricants USA Inc. argues that the complaint failed to plead with particularity the circumstances of the defendant's alleged intent to deceive the public in falsely marking unpatented articles with an expired patent. The defendant's motion, based on this court's Fed.R.Civ.P. 9(b) standard in *Exergen Corp. v. Wal-Mart Stores, Inc.,* 575 F.3d 1312, 1327 (Fed.Cir.2009), urged that the relator's complaint failed to allege any underlying facts upon which a court could reasonably infer that BP knew its patent had expired when it was marking its products.

This court holds that Rule 9(b)'s particularity requirement applies to false marking claims and that a complaint alleging false marking is insufficient when it only asserts conclusory allegations that a defendant is a "sophisticated company" and "knew or should have known" that the patent expired. The petition is granted in part.

I.

The petitioner, BP Lubricants USA Inc., manufactures motor oil products under the well-known brand name CASTROL. BP's CASTROL products are distributed in a unique bottle design for which BP received a design patent.

The respondent, Thomas A. Simonian, a patent attorney, filed this qui tam relator complaint on behalf of the United States pursuant to 35 U.S.C. § 292. Section 292 provides in relevant part:

(a) .... Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented for the purpose of deceiving the public ... [s]hall be fined not more than $500 for every such offense.

(b) Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States.

35 U.S.C. § 292(a)-(b).

According to the relator's complaint, the patent expired on February 12, 2005, and BP continued to mark its bottles with the patent numbers after the patent expired. The complaint also asserts mostly "upon information and belief," that: (1) BP knew or should have known that the patent expired; (2) BP is a sophisticated company and has experience applying for, obtaining, and litigating patents; and (3) BP marked the CASTROL products with the patent numbers for the purpose of deceiving the public

and its competitors into believing that something contained or embodied in the products is covered or protected by the expired patent.

The district court concluded that the complaint stated an actionable claim and met the requirements of Fed.R.Civ.P. 9(b), which provides:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

\*2 Relying on *Exergen Corp. v. Wal-Mart Stores, Inc.,* 575 F.3d 1312, 1327 (Fed.Cir.2009) in which this court held that Rule 9(b) requires a plaintiff to plead in detail "the specific who, what, when, where, and how" of the alleged fraud, the district court held that the complaint set forth the circumstances constituting the intent to deceive with particularity. The court explained that in addition to alleging that BP knew or should have known the patent expired, it was enough under Rule 9(b) for the relator to allege that BP (the "who") had deliberately and falsely marked (the "how") at least one line of its motor oil products (the "what") with an expired patent and continues to falsely mark its products (the "when") throughout the Northern District of Illinois and the rest of the United States (the "where") with the intent to deceive its competitors and the public.

## II.

### A.

Because an order denying a motion to dismiss for failure to comply with Rule 9(b) is not a final decision within the meaning of 28 U.S.C. § 1291, BP cannot appeal until final judgment has been entered. However, nonappealable orders can be challenged by petitioning the court of appeals for a writ of mandamus, as requested here. This court is authorized to issue a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651(a) as "necessary or appropriate in aid of" our jurisdiction. *Mississippi Chem. Corp. v. Swift Agr. Chem.,* 717 F.2d 1374, 1379 (Fed.Cir.1983). A writ of mandamus may be employed in exceptional circumstances to correct a "clear abuse of discretion or 'usurpation of judicial power' " by the trial court. *Bankers Life & Cas. Co. v. Holland,* 346 U.S. 379, 382 (1953).

### B.

Before reaching the merits of BP's argument that the complaint was insufficiently pled, we must first address a predicate question, one of first impression for this court: whether or not Fed.R.Civ.P. Rule 9(b)'s particularity requirement applies to false marking claims under § 292.

In all cases sounding in fraud or mistake, Rule 9(b) requires a plaintiff to plead "with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). The Rule acts as a safety valve to assure that only viable claims alleging fraud or mistake are allowed to proceed to discovery. By eliminating insufficient pleadings at the initial stage of litigation, Rule 9(b) prevents relators using discovery as a fishing expedition. *See Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 598 (8th Cir.2009).

In an analogous area of the law, namely, the False Claims Act, every regional circuit has held that a relator must meet the requirements of Rule 9(b) when bringing complaints on behalf of the government.\* The Seventh Circuit explained that false claims complaints must meet the requirements of Rule 9(b) because the False Claims Act condemns fraud "but not negligent errors or omissions." *Garst,* 328 F.3d at 376 (7th Cir.2003).

We see no sound reason to treat § 292 actions any differently. Like the False Claims Act, § 292 condemns fraudulent or false marking. Rule 9(b)'s gatekeeping function is also necessary to assure that only viable § 292 claims reach discovery and adjudication. Permitting a false marking complaint to proceed without meeting the particularity requirement of Rule 9(b) would sanction discovery and adjudication for claims that do little more than speculate that the defendant engaged in more than negligent action.

### C.

\*3 In *Exergen,* this court held that a pleading that simply avers the substantive elements of a claim sounding in fraud or mistake, without setting forth the particularized factual bases for the allegations, does not satisfy Rule 9(b). *See Exergen,* 575 F.3d at 1326-27. We further held that although "knowledge" and "intent" may be averred generally and that a plaintiff may plead upon information and belief under Rule 9(b),

> our precedent, like that of several regional circuits, requires that the pleadings allege sufficient underlying facts from which a court may reasonably infer that a party

acted with the requisite state of mind.

*Id.* at 1327. *Exergen's* pleading requirements apply to all claims under Rule 9(b), not just inequitable conduct cases.

In denying BP's motion to dismiss, which was based on *Exergen,* the district court here did not find relevant that the complaint failed to allege any facts inferring that BP was aware of the patent's expiration. To the contrary, the district court expressly relied on the relator's general allegation that BP knew or should have known that the patent expired.

This is clearly incorrect. A plaintiff is not empowered under the Rules "to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1954 (2009). Instead, a complaint must in the § 292 context provide some objective indication to reasonably infer that the defendant was aware that the patent expired. As we explained in *Clontech Labs, Inc. v. Invitrogen Corp.,* 406 F.3d 1347 (Fed.Cir.2005):

Intent to deceive, while subjective in nature, is established in law by objective criteria. Thus, "objective standards" control and "the fact of misrepresentation coupled with proof that the party making it had knowledge of its falsity is enough to warrant drawing the inference that there was a fraudulent intent.

406 F.3d at 1352. (citations omitted).

*Greenstone v. Cambex Corp.,* 975 F.2d 22 (1st Cir.1992) (Breyer, C.J.), a case this court relied upon in Exergen, rejected similar generalized allegations. In *Greenstone,* the plaintiff filed a complaint under the federal securities laws asserting that the defendant should have disclosed its leasing activities that gave rise to a threat of a lawsuit, which the defendant later turned out to lose. The plaintiff's complaint included a general averment that the defendant "knew" about certain contractual prohibitions. *Id.* at 25. The court held that these averments were insufficient under Rule 9(b), noting "one cannot avoid the [particularity] requirement simply through a general averment that defendants 'knew' earlier what later turned out badly." *Id.*

Because the relator's complaint here provided only generalized allegations rather than specific underlying facts from which we can reasonably infer the requisite intent, the complaint failed to meet the requirements of Rule 9(b).

**D.**

**\*4** The relator asserts he met *Exergen* 's requirements or asserts that *Exergen* is distinguishable. This court has carefully considered these arguments, but finds them unpersuasive.

First, relator contends that asserting in the complaint that BP is a "sophisticated company and has experience applying for, obtaining, and litigating patents" is enough under Rule 9(b). This court disagrees. That bare assertion provides no more of a basis to reasonably distinguish a viable complaint than merely asserting the defendant should have known the patent expired. Conclusory allegations such as this are not entitled to an assumption of truth at any stage in litigation. *Ashcroft,* 129 S.Ct. at 1952.

Second, relator contends that a false marking inherently shows scienter. This argument is also unpersuasive. In *Merck & Co., v. Reynolds,* 130 S.Ct. 1784, 1793 (2010), the Supreme Court stated "[w]e recognize that certain statements are such that, to show them false, is normally to show scienter." The Court gave as an example one claiming "I am not married" when in fact the person is married. *Id.* However, in other contexts where the relationship between factual falsity and state of mind is not nearly as apparent, *Merck* rejected this proposition. *Id.* This situation clearly falls into the latter category, requiring more than a mere statement.

Third, relator contends that unlike the inequitable conduct claim featured in *Exergen,* false marking is "anonymous" and is not an individualized fraud. He argues that it was not unreasonable for the district court to allow the relator to plausibly demonstrate entitlement to relief without identifying actual individuals who knew the patent expired. It does not, however, follow that *Exergen* 's general pleading requirements are inapplicable. Instead, the requirements must be applied in a fashion that relates to false marking claims. Overlooked by the relator is that the naming of specific individuals is not the only way to set forth facts upon which intent to deceive can be reasonably inferred. In an amicus brief, the United States points out that a relator can, for example, allege that the defendant sued a third party for infringement of the patent after the patent expired or made multiple revisions of the marking after expiration. None of these or similar assertions are present in the complaint here.

Finally, relator also emphasizes that scienter in false marking, unlike in securities fraud and inequitable conduct, is determined through the use of a rebuttable presumption. As the relator points out, this court in *Pequignot v. Solo Cup Co.,* 608 F.3d 1356, 1362-63 (Fed.Cir.2010) held that "the combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public, rather than irrebuttably proving such intent." This

court agrees that the *Pequignot* presumption informs the determination of whether a false marking plaintiff has met Rule 9(b). However, as we noted in *Pequignot,* "[t]he bar for proving deceptive intent [in false marking cases] is particularly high," requiring that relator show "a purpose of deceit, rather than simply knowledge that a statement is false." *Id.* at 1363. That relator pled the facts necessary to activate the *Pequignot* presumption is simply a factor in determining whether Rule 9(b) is satisfied; it does not, standing alone, satisfy Rule 9(b)'s particularity requirement.

### III.

*5 The only remaining question is whether the circumstances of this case warrant this court's issuance of a writ of mandamus.

As noted above, this court is authorized to issue a writ of mandamus in exceptional circumstances to correct a "clear abuse of discretion or 'usurpation of judicial power' " by the trial court. *Bankers Life,* 346 U.S. at 382. Not all circumstances in which a defendant will be forced to undergo the cost of discovery and trial warrant mandamus. To issue a writ solely for those reasons would clearly undermine the rare nature of its form of relief and make a large class of interlocutory orders routinely reviewable. *See Bankers Life & Cas. Co. v. Holland,* 346 U.S. 379, 383 (1953) ("[I]t is established that the extraordinary writs cannot be used as substitutes for appeals ... even though hardship may result from delay and perhaps unnecessary trial.").

Considerations presented in this case, however, warrant the extraordinary remedy of mandamus. Until today, this court has not decided whether Rule 9(b) applies to false marking cases or discussed the requisite level of pleading required. In *Schlahenhaulf v. Holder,* 379 U.S. 104 (1964), the Supreme Court approved the use of mandamus to decide a "basic and undecided" question when the trial court similarly abused its authority in applying the Rules. In addition, trial courts have been in considerable disagreement on this issue, resulting in inconsistent results across the country. Thus, deciding this matter now presents an issue important to "proper judicial administration [.]" *LaBuy v. Howes Leather Co.,* 352 U.S. 249, 259-260 (1957). The presence of these exceptional circumstances warrants deciding this issue before final judgment.

This court is mindful that district courts are admonished to "freely give leave [to amend the pleadings] when justice so requires," Fed.R.Civ.P. 15(a)(2), and that "[o]rdinarily, complaints dismissed under Rule 9(b) are dismissed with leave to amend." *In re Burlington Coat Factory Sec. Litigation,* 114 F.3d 1410, 1435 (3d Cir.1997) (Alito, J.). It is particularly appropriate to allow leave to amend in this case because, as noted above, this court has not previously opined on the applicability of Rule 9(b) to false marking claims.

For the foregoing reasons, this court grants the petition for writ of mandamus in part and directs the district court to dismiss the complaint with leave to amend in accordance with the pleading requirements set forth herein.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is granted in part.

Footnotes

\*       See *United States ex rel. Karvelas v. Melrose-Wakefield Hosp.,* 360 F.3d 220, 227 (1st Cir.2004) (holding that Rule 9(b) applies to False Claims actions); *Yuhasz v. Brush Wellman, Inc.,* 341 F.3d 559, 562-63 (6th Cir.2003) (same); *United States ex rel. Garst v. Lockheed-Martin Corp.,* 328 F.3d 374, 376 (7th Cir.2003) (same); *United States ex rel. Clausen v. Lab Corp. of Am. Inc.,* 290 F.3d 1301, 1309-10 (11th Cir.2002) (same); *United States ex. rel. Totten v. Bombardier Corp.,* 286 F.3d 542, 551-52 (D.C.Cir.2002) (same); *Bly-Magee v. California,* 236 F.3d 1014, 1018 (9th Cir.2001) (same); *United States ex rel. Russell v. Westinghouse Savannah River Co.,* 176 F.3d 776, 783-84 (4th Cir.1999) (same); *United States ex rel. LaCorte v. SmithKline Beecham Clincal Labs., Inc.,* 149 F.3d 227, 234 (3d Cir.1998) (same); *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.,* 125 F.3d 899, 903 (5th Cir.1997) (same); *Gold v. Morrison-Knudsen Corp.,* 68 F.3d 1475, 1476 (2d Cir.1995) (same).